UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUAN CARLOS ESTRADA GUTIERREZ,

Petitioner,

v.

JULIO HERNANDEZ, et al.,

Respondent.

Case No. 2:26-cv-02084-TLF

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Juan Carlos Estrada Gutierrez has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. Petitioner is currently detained by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington.

The petition asks the Court to (1) declare that petitioner's detention under 8 U.S.C. § 1225(b) denies him his statutory rights under 8 U.S.C. § 1226(a); (2) declare that petitioner's detention "without reason recorded or present" violates the due process clause of the Constitution; (3) declare petitioner's detention is unlawful and issue a writ of habeas corpus ordering respondents to release petitioner immediately; (4) award reasonable attorney fees and costs; and (5) grant such further relief this Court deems just and proper.

The Court **GRANTS** the petition in part and **DENIES** the petition in part as follows.

ORDER GRANTING IN PART AND DENYING IN PART
PETITION FOR WRIT OF HABEAS CORPUS - 1

## BACKGROUND

Petitioner is a native and citizen of Mexico, who entered the United States without admission or parole in July of 2019, at an unknown place. Dkt. 8 (Bloom Decl.) ¶ 4; Dkt. 9 (Wong Decl.) at Ex. 1 (Form I-2135); Dkt. 1 (petition) at 5. Petitioner is married to a U.S. citizen, they have a U.S. citizen child, and petitioner has maintained employment during his time in this country. Dkt. 1 (petition) at 7. Petitioner has a criminal history consisting of one conviction for misdemeanor reckless driving in 2024. Dkt. 1-2 at 16-23; Dkt. 1-3. He was released on $500 bond, sentenced to 90 days with 88 suspended and credit for 2 served, and one-year unsupervised probation which he completed and all court conditions without further incident. *Id.*

On May 8, 2026, petitioner was arrested by ICE Enforcement and Removal Operations ("ERO") when he was encountered during a targeted enforcement operation in Nampa, Idaho while looking for another individual. Dkt. 8 (Bloom Decl.) ¶ 5.

On May 8, 2026, petitioner was served a Notice to Appear ("NTA"), charging him with inadmissibility under the Immigration Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General, and placing him in removal proceedings. Dkt. 8 (Bloom Decl.) ¶ 6; Dkt. 9 (Wong Decl.) at Ex. 2 (NTA).

On May 12, 2026, petitioner was transferred to the Northwest ICE Processing Center ("NWIPC"). Dkt. 8 (Bloom Decl.) ¶ 7. Petitioner appeared in immigration court for his hearings and was granted his requests for a continuance on May 19, 2026, and June 2, 2026. *Id.* ¶ 8, 9. On June 8, 2026, petitioner received a bond hearing before an

ORDER GRANTING IN PART AND DENYING IN PART
PETITION FOR WRIT OF HABEAS CORPUS - 2

Immigration Judge ("IJ"). *Id.* Petitioner provided a legal brief and evidence in support of his motion, including but not limited to his spouse's birth certificate, their marriage certificate, his son's announcement of birth, proof of physical presence dating back to 2019, proof of a filed I-130 on his behalf, and two dozen letters of support from his family and friends. Dkt. 1-2. Petitioner separately submitted the police report for the date of his reckless driving arrest. Dkt. 1-3. Counsel for Department of Homeland Security ("DHS") submitted the I-213 recorded the day of petitioner's arrest. Dkt. 1-4.

On June 8, 2026, the IJ issued a check-box form order that denied petitioner bond based on lack of jurisdiction under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)[1], and, in the alternative, denied petitioner bond based on being a flight risk and danger to the community. Dkt. 8 (Bloom Decl.) ¶ 10; Dkt. 9 (Wong Decl.) at Ex. 3 (Bond Order). The form does not require the IJ to supply reasons for the decision and none were provided. *Id.* The bond hearing was not recorded. Dkt. 8 (Bloom Decl.) ¶ 10. Petitioner waived appeal of the bond decision to the Board of Immigration Appeals ("BIA"). *Id.* ¶ 11.

On June 17, 2026, petitioner appeared in immigration court for a hearing. *Id.* ¶ 12. Petitioner requested and was granted a continuance. *Id.* Petitioner's next hearing was scheduled for July 13, 2026. *Id.* ¶ 13.

On June 13, 2026, petitioner filed the instant federal habeas corpus petition. Dkt. 1. Respondents have filed a response to the petition. Dkt. 7. Petitioner has filed a reply. Dkt. 10. After filing his reply, petitioner also submitted an affidavit of petitioner's

---

[1] In *Matter of Hurtado*, the Board of Immigration Appeals ("BIA") concluded that a noncitizen who entered the U.S. without admission and who had been present in the U.S. for at least 2 years was an "applicant for admission" and subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and thus the IJ lacked jurisdiction to consider the noncitizen's bond request. *Matter of Hurtado*, 29 I. & N. Dec. 216.

ORDER GRANTING IN PART AND DENYING IN PART
PETITION FOR WRIT OF HABEAS CORPUS - 3

immigration attorney at the bond hearing which provides the attorney's description of what transpired at the bond hearing. Dkt. 11.

**A.      Statutory Basis for Detention**

The Court must first determine whether petitioner is mandatorily detained under 8 U.S.C. § 1225(b)(2) as found by the IJ at the bond hearing and as argued by respondents, or whether petitioner is subject to discretionary detention under 8 U.S.C § 1226(a), which allows the IJ discretion to release certain detainees pending the outcome of their immigration proceedings.

Petitioner argues he is subject to discretionary detention under 8 U.S.C. § 1226(a). Dkt. 1. Petitioner is a noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) has entered the United States without inspection, (2) was not apprehended upon arrival, (3) and is not or will not be subject to detention under 8 U.S.C. §1226(c), § 1225(b)(1), or § 1231 at the time he is scheduled

ORDER GRANTING IN PART AND DENYING IN PART
PETITION FOR WRIT OF HABEAS CORPUS - 4

for or requests a bond hearing. *See Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. Sept. 30, 2025).[2] [3]

Respondents indicate in their return that while they disagree with the Court's decision in *Rodriguez Vazquez*, they do not oppose petitioner being considered a member of the *Rodriguez Vazquez* Bond Denial Class for purposes of this litigation. Dkt. 7 at 4.

The Court adopts the reasoning of *Rodriguez Vazquez* and concludes petitioner is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322-36. Petitioner's mandatory detention under § 1225(b) violates the Immigration and Nationality Act ("INA"). Petitioner is detained under § 1226(a) and the

---

[2] On September 30, 2025, the Court in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. Sept. 30, 2025) granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Id.* The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

[3] The respondents' brief also references *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), and *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026) in support of their argument that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). Dkt. 7 at 4-5. But other circuits have reached the opposite conclusion. *See Barbosa da Cunha v. Freden*, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2026 WL 1223250 (7th Cir. May 5, 2026); *Hernandez Alvarez v. Warden, Fed. Detention Ctr. Miami*, Nos. 25-14065, 25-14075, 2026 WL 1243395 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, Nos. 25-1965, 25-1969, 25-1978, 25-1982, 2026 WL 1283891 (6th Cir. May 11, 2026). The decisions of the Fifth and Eighth Circuits are not binding on this Court and are inconsistent with this Court's view of the statutory text and relevant Ninth Circuit and Supreme Court authority interpreting it.

ORDER GRANTING IN PART AND DENYING IN PART
PETITION FOR WRIT OF HABEAS CORPUS - 5

IJ has jurisdiction to release petitioner pending the conclusion of his underlying immigration proceedings.

**B.       Bond Hearing**

Petitioner argues the bond hearing he received violated his due process rights under the Constitution because there was a nonneutral adjudicator, no contemporaneous record made of the hearing and the IJ's denial of bond was not supported by the record. Dkt. 1 at 21. Respondents argue the petition should be denied because petitioner has not exhausted his administrative remedies because he has not appealed to the BIA, and further that the bond hearing and decision comported with due process. Dkt. 7.

The Court finds this case presents similar facts to those presented in *Lei v. Bostock*, No. 2:26-CV-01664-TMC, 2026 WL 1745806 (W.D. Wash. June 17, 2026). Namely, "[p]etitioner asks the Court to review a record that presents just one side of the flight risk/danger issue because there is no contemporaneous record of the IJ's reasons for [the] decision."[4] *Id.* at *3. The Court agrees with and adopts the reasoning of the Court in *Lei. Id. As* in *Lei*, the Court concludes that exhaustion is not required as it would be futile in this case as "the BIA's review is unlikely to yield a more meaningful record because it will follow its own precedent in *Matter of Hurtado* and affirm the IJ's decision purely on the jurisdictional ground." *Id.*

The Court further finds, as did the Court in *Lei*, that "without a contemporaneous record of the IJ's bond hearing, this Court cannot assess whether the IJ abused [their]

---

[4] The Court notes that in this case, as in *Lei*, there is also at least some evidence of criminal history. *Lei*, 2026 WL 1745806 at *3.

ORDER GRANTING IN PART AND DENYING IN PART
PETITION FOR WRIT OF HABEAS CORPUS - 6

discretion by denying bond." *Id.* And "[u]nder these unusual circumstances – created, yet again, by Respondents' decision to adhere to *Hurtado* in immigration court despite the judgment in *Rodriguez Vazquez* – the Court concludes that due process requires that Petitioner be granted a new bond hearing under § 1226(a)." *Id.*

Having determined that petitioner is not subject to mandatory detention, the bond hearing must focus on petitioner's eligibility for bond under § 1226(a), and there must also be a contemporaneous record, by audio recording or transcript, made by the immigration court of the bond hearing. *Id.*

**CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows:

(1)   The petition for writ of habeas corpus (Dkt. 1) is DENIED with respect to petitioner's request for immediate release.

(2)   The petition is GRANTED as follows:

   a.   Petitioner's mandatory detention under § 1225(b) violates the Immigration and Nationality Act ("INA"). Petitioner is detained under § 1226(a).

   b.   Within fourteen days of this order, respondents must either release petitioner or provide him a bond hearing under 8 U.S.C. § 1226(a).

   c.   Respondents must create a contemporaneous record, by audio recording or transcript, of any subsequent bond hearing for petitioner.

   d.   If petitioner is released, respondents must return to him any personal property, including any personal identification document (other than a passport) and any employment authorization document.

ORDER GRANTING IN PART AND DENYING IN PART
PETITION FOR WRIT OF HABEAS CORPUS - 7

e.  Nothing in this order prevents an Immigration Judge from granting a request by petitioner for a continuance in his bond proceedings.

(3)  The Court will consider an appropriate post-judgment motion for attorney's fees as requested in the petition.

(4)  The Clerk shall provide a copy of this order to counsel for petitioner and counsel for respondents.

Dated this 30th day of July, 2026.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING IN PART AND DENYING IN PART
PETITION FOR WRIT OF HABEAS CORPUS - 8